**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) <br> ) |
| COX ENTERPRISES, INC., <br> COX AUTOMOTIVE, INC., | ) <br> ) <br> ) |
| and | ) <br> ) |
| DEALERTRACK TECHNOLOGIES, INC. | ) <br> ) |
| *Defendants*. | ) <br> ) |

### UNITED STATES' EXPLANATION OF CONSENT DECREE PROCEDURES

The United States submits this short memorandum summarizing the procedures regarding the Court's entry of the proposed Final Judgment. This Judgment would settle this case pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) (the "APPA"), which applies to civil antitrust cases brought and settled by the United States.

1.  Today the United States has filed a Complaint and, attached to this Explanation of Consent Decree Procedures, a Hold Separate Stipulation and Order, which includes a proposed Final Judgment. Under the Hold Separate Stipulation and Order, the parties have agreed that the Court may enter the proposed Final Judgment after the United States has complied with the APPA. The United States has also filed a Competitive Impact Statement relating to the proposed Final Judgment.

2.  The Hold Separate Stipulation and Order is a document that has been agreed to by both the United States and the Defendants. The United States and the Defendants ask that the

Court sign this Order, which ensures that the Defendants preserve competition by complying with the provisions of the proposed Final Judgment and by maintaining any assets to be divested during the pendency of the proceedings required by the Tunney Act.  *See* 15 U.S.C. § 16(b)-(h).

3. The APPA requires that the United States publish the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* and cause to be published a summary of the terms of the proposed Final Judgment and the Competitive Impact Statement in certain newspapers at least sixty (60) days prior to entry of the proposed Final Judgment. Defendants in this matter have agreed to arrange and bear the costs for the newspaper notices. The notice will inform members of the public how they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division.  *See* 15 U.S.C. § 16(b)-(c).

4. During the sixty-day period, the United States will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and the United States' responses in the *Federal Register*.

5. After the expiration of the sixty-day period, the United States will file with the Court the comments and the United States' responses, and it may ask the Court to enter the proposed Final Judgment, unless the United States has decided to withdraw its consent to entry of the Final Judgment, as permitted by Section IV.A of the Stipulation.  *See* 15 U.S.C. § 16(d).

6. If the United States requests that the Court enter the proposed Final Judgment after compliance with the APPA, 15 U.S.C. § 16(e)-(f), then the Court may enter the Final Judgment without a hearing, provided that it concludes that the Final Judgment is in the public interest.

Dated: September 29, 2015

                                      Respectfully submitted,

*/s/ Kent Brown*
Ian D. Hoffman
Kent Brown
U.S. Department of Justice, Antitrust Division
Networks & Technology Enforcement Section
450 Fifth Street, N.W., Suite 7100
Washington, D.C. 20530
Phone: (202) 598-2456
Facsimile: (202) 616-8544
E-mail: ian.hoffman@atr.usdoj.gov